# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

**FREIDA DARLENE JOHNSON**                                                                 **PLAINTIFF**

**v.**                                                        **CIVIL ACTION NO. 4:22-CV-P132-JHM**

**DANIEL CAMERON** *et al.*                                                              **DEFENDANTS**

### MEMORANDUM OPINION

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the action will be dismissed.

### I.

Plaintiff Freida Darlene Johnson is incarcerated as a pretrial detainee at the Daviess County Detention Center. She brings this action against the Commonwealth of Kentucky; Kentucky Attorney General Daniel Cameron; Kentucky Governor Andy Beshear; Commonwealth Attorney Michael VanMeter; and Judge Lisa Payne Jones. Plaintiff sues these Defendants in both their official and individual capacities.

Plaintiff makes the following allegations in the complaint:

Discrimination extreme emotional distress civil rights whistleblowers against the Commonwealth of Kentucky for false charges false imprisonment for filing a claim against the Commonwealth of Kentucky for failure to intervene in a homicide July 8 2021 . . . involving a domestic terrorist organization and the "Good Ole Boy System" in the homicide death of my 14-year-old son EDJ in a homicide investigation [] June 10 2006 Jessie Allen Hastie and Ashley Cox by there own admission would confess to murdering under (KRS 507.020) . . . . Owensboro Police Department (18 USC 241 242) acting under color of law would discriminate in a homicide case and not pursue murder charges against 2 suspect on June 10 2006. When I requested a open records request on June 25 2018 the Commonwealth of Kentucky would target and retaliate against me (18 USC 242) would involve former Governor Steven Beshear how opted (8th Amendment) to degrade punishment and sentence imposed was 6 months in jail for Jessie Allen Hastie (July 2006) I am in custody on domestic violence charges against me filed

by Owensboro Police Department Commonwealth Attorney Michael VanMeter and the charges are false using statements from Albert Shaw whom was convicted of domestic assault in Judge Jay Wethington's court whom probated my current charges. I am being held in Daviess County Detention Center on a 20,000.00 bond Jessie Allen Hastie had a 500.00 bond in my son's homicide case (18 USC 2000ee) any person should be allowed to file a claim against the government without fear of retaliation and this is the case in my current custody pending charges on a 20,000.00 bond I'm indigent and not guilty being set up by the Good Ole Boy system even my lawyer Leigh Jackson refused to file a motion for bail review and conflict of interest in Lisa Payne Jones court for the judicial conduct complaint I filed against her in 2021. Circuit Court Judge Lisa Payne Jones is abusing her power holding me in custody and knows their was a plea deal offering no jail time and misdemeanor charge were part of the agreement by attorney Ramone Magee. Plus I filed charges against her for judicial misconduct when her assistant refused to give me a court date and my attorney Leigh Jackson knows I'm the victim of Albert Shaw. He was sentenced to 5 yrs in prison for domestic assault against me and is still on probation and has violated his parole but theirs nothing I can do about it from jail on Aug 22. He destroyed my property on at 604 Maple Street because I was jail and the courts gave him my Auntie estate based on a forged last will. Judge David Payne Jay Wethington was on our domestic case I motion for conflict of interest on all (3) judges because of a federal civil rights lawsuit (face) on its face these judges are involved in a homicide investigation that is still ongoing.

As relief, Plaintiff seeks damages and injunctive relief in the form of "release from custody pending trial."

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007). Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 608.

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Commonwealth of Kentucky

The Court first observes that the Commonwealth of Kentucky is not a proper Defendant in this action. Section 1983 "does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). The U.S. Constitution's "Eleventh Amendment bars such suits unless the State has waived its immunity or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity." *Id*. (citations omitted). The Commonwealth of Kentucky has not waived its immunity, *see Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004), and in enacting § 1983, Congress did not override the traditional sovereign immunity of the states. *Will*, 491 U.S. at 66. Thus, Plaintiff's claim for damages against the Commonwealth of Kentucky must be dismissed for seeking monetary relief from a Defendant immune from such relief.

### B. Official-Capacity Claims

Every other Defendant named is a state official. State officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will*, 491 U.S. at 71. Thus, because Plaintiff seeks money damages from state officials in their official capacities, he fails to state a cognizable claim against them under § 1983. Plaintiff's official-capacity claims against these Defendants also fail because claims against state officials in their official capacities are deemed claims against the Commonwealth of Kentucky and are, therefore, barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 166, 169 (1985).

### C. Individual-Capacity Claims

#### 1. Defendants Jones and VanMeter

Although the complaint is difficult to decipher, it appears that Plaintiff is suing Judge Jones for actions she has taken in Plaintiff's pending state-court criminal action. Judges are entitled to absolute immunity from suit for all actions taken in their judicial capacity. *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (citing *Mireles v. Waco*, 502 U.S. 9 (1991) (per curiam)). Judicial immunity is embedded in the long-established principle that "a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself." *Stump v. Sparkman*, 435 U.S. 349, 355 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335 (1872)). A judge is entitled to immunity from suit even when accused of acting in bad faith, maliciously, or corruptly. *Mireles*, 502 U.S. at 11. Judicial immunity can be overcome in only two situations - for non-judicial actions, *i.e.*, actions not taken in the judge's judicial capacity, or for actions, though judicial in nature, which are taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12; *Stump*, 435 U.S. at 356-57. Because nothing in the complaint suggests that Defendant Judge Jones was not acting in her judicial capacity or was acting in the complete absence of all jurisdiction in Plaintiff's state-court criminal action, Plaintiff's individual-capacity claim against her will be dismissed.

It appears that Defendant VanMeter is the prosecutor in Plaintiff's pending state-court criminal action. Plaintiff's claim against him seems to be that he initiated a prosecution against her because she filed an open records request related to her son's 2006 death. Prosecutors are absolutely immune from liability for their actions that are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Initiating a prosecution is an action intimately associated with the judicial phase of the criminal process;

therefore, prosecutorial immunity applies when a prosecutor is sued for this reason. *Id*. Therefore, the Court will dismiss Plaintiff's individual-capacity claim against Defendant VanMeter for seeking damages from a Defendant immune from such relief.

### 2. Defendants Cameron and Andy Beshear

The complaint contains no allegations against Kentucky Attorney General Cameron or Governor Andy Beshear.[1] Thus, the Court liberally construes the complaint as asserting claims against them based upon their supposed roles as the other Defendants' supervisors. However, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Rather, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *Loy v. Sexton*, 132 F. App'x 624, 626 (6th Cir. 2005) ("In order for supervisory liability to attach, a plaintiff must prove that the official 'did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.'") (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)). Thus, because the complaint contains no allegations which suggest that either Defendant Cameron or Beshear was actively involved in the alleged violation of Plaintiff's constitutional rights, Plaintiff fails to state an individual-capacity claim against them.

---

[1] The complaint does reference Steve Beshear who is a former Kentucky governor.

### D. Pending State-Court Criminal Proceedings

At least some of Plaintiff's claims seem to be based on an ongoing state-court criminal action against her. This Court cannot interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. *Younger v. Harris*, 401 U.S. 37 (1971). Indeed, under *Younger*, a district court must abstain from interfering in a state-court action if it is: "(1) currently pending; (2) involve[s] an important state interest; and (3) will provide the federal plaintiff with an adequate opportunity to raise his or her constitutional claims." *Nimer v. Litchfield Twp. Bd. of Trs.*, 707 F.3d 699, 701 (6th Cir. 2013) (citation omitted). State criminal matters are an important state interest, *Younger,* 401 U.S. at 44-45, and there is no reason evident from the complaint from which this Court could infer that Plaintiff would be barred from raising constitutional claims in her state-court action. Consequently, any claims related to Plaintiff's ongoing state-court criminal actions must be dismissed.

Relatedly, to the extent that Plaintiff seeks "release from custody pending trial" based upon the allegations contained in the complaint, Plaintiff cannot obtain such relief in this § 1983 action. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Thus, Plaintiff's claims for injunctive relief will also be dismissed for failure to state a claim upon which relief may be granted.

### E. Other Claims

Finally, the Court finds that the remainder of the complaint is written in a virtually incomprehensible stream-of-consciousness format and does not set forth allegations or legal claims that are reasonably intelligible to the Court. For this reason, the Court finds that any other claims

set forth in the complaint are subject to dismissal for failure to state a claim upon which relief may be granted. *See, e.g.*, *Dickerson v. Washington*, No. C18-652 TSZ-BAT, 2018 U.S. Dist. LEXIS 110290, at *4 (W.D. Wash. June 7, 2018) (dismissing "unintelligible" complaint for failure to state a claim upon which relief may be granted); *Trammell v. Caudill*, No. 1:05cv740, 2005 U.S. Dist. LEXIS 30323, at *4 (S.D. Ohio Nov. 15, 2005) (dismissing action for failure to state a claim because "the [] allegations appear to be a compilation of unintelligible and disjointed thoughts [and] the Court is unable to discern the type of relief plaintiff is seeking").

## IV.

The Court will enter a separate Order of dismissal consistent with this Memorandum Opinion.

Date: March 27, 2023

*Joseph H. McKinley*
Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
     Defendants
4414.011

8